MARYLAND STATE BOARD OF MOTION PICTURE
CENSORS *v.* R. T. MARHENKE,
T/A CINEMA FILM EXCHANGE

[No. 749, September Term, 1972.]

*Decided June 13, 1973.*

176

The cause was argued before THOMPSON, GILBERT and DAVIDSON, JJ.

*Allan H. Terl* and *Stanford D. Hess, Assistant Attorneys General,* with whom were *Francis B. Burch, Attorney General, Norman Polovoy, Deputy Attorney General,* and *Henry R. Wolfe, Special Assistant Attorney General,* on the brief, for appellant.

R. T. Marhenke, pro se, for appellee.

GILBERT, J., delivered the opinion of the Court.

In this case, the Maryland State Board of Motion Picture Censors (Board) seeks to circumvent Md. Ann. Code Art. 66A, § 19 (a) and to employ in its stead the provisions of the Administrative Procedure Act (Act), in an effort to appeal from an order of the Circuit Court of Baltimore City, (Ross, J.) which reversed a decision of the Board and required that a "seal of approval" be placed upon the film "Sin In 69." The State contends that this Court has jurisdiction over the appeal because of the provisions of Md. Ann. Code Art. 41, §

256. We disagree, and dismiss the appeal for the reasons stated *infra.*

The Board was created by the Laws of 1916, Ch. 209, which then provided, in pertinent part:

> "Sec. 19. If any elimination or disapproval of a film, reel or view is ordered by the Board, the person submitting such film, reel or view for examination will receive immediate notice of such elimination or disapproval, and if appealed from, such film, reel or view will be promptly re-examined, in the presence of such person, by two or more members of the Board, and the same, finally approved or disapproved promptly after such re-examination, with the right of appeal from the decision of the Board to the Baltimore City Court of Baltimore City." [1]

The statute was silent as to any further right of appeal. In 1955,[2] the Legislature repealed and re-enacted Md. Ann. Code Art. 66A, § 19 and added the following sentence thereto:

> "There shall be a further right of appeal from the decision of the Baltimore City Court to the Court of Appeals of Maryland, subject generally to the time and manner provided for taking an appeal to the Court of Appeals." [3]

Thereafter the Act remained unchanged until the legislative session following *Freedman v. Md.,* 380 U. S. 51, 85 S. Ct. 734, 13 L.Ed.2d 649 (1965).[4] In *Freedman,* the Supreme Court declared that while the submission of a motion picture film to a censorship board is not *per se*

---

**1.** This provision was first codified as Md. Ann. Code (1918, Bagby Ed.) Art. 66A, § 19 and remained so numbered and without change through Md. Ann. Code (1951, Flack Ed.)

**2.** Laws of 1955, Ch. 201, § 1.

**3.** It might be argued that the words *"further* right of appeal" (emphasis supplied) did not confer a right of appeal upon the Board inasmuch as they were not entitled to appeal to the Baltimore City Court from their own decision.

unconstitutional, a prompt final judicial determination of obscenity must be assured. Because the Maryland Act failed to provide adequate safeguards against "undue inhibition of protected expression," a judgment of conviction for violation of Art. 66A, § 2 — failure to submit film to the Board for the seal of approval — was reversed.

The Board argues that because it is an administrative agency, it, as a party aggrieved by the decision of the Circuit Court of Baltimore City, may appeal, using as a vehicle the appellate provisions of the Administrative Procedure Act. Md. Ann. Code Art. 41. The section of the Act concerned with appeals to the Court of Appeals is § 256. It provides:

> "*An aggrieved party may secure a review of any final judgment of the circuit court or Baltimore City Court, as the case may be, under this subtitle by appeal to the Court of Appeals.* Such appeal shall be taken in the manner provided by law for appeals from law courts in other civil cases. This section shall not apply to cases arising under Article 66½ of the Annotated Code of the Public General Laws of Maryland in which no right to appeal to the Court of Appeals is specifically provided." (Emphasis supplied).

When the Administrative Procedure Act was adopted in 1957, Chs. 94 and 428, all State Boards, Commissions, and Departments, except the legislative and judicial branches, the Department of Parole and Probation, the State Industrial Accident Commission (now the Workmen's Compensation Commission), the State Insurance Department, the Public Service Commission, the Employment Security Board, and the State Tax Commission, were embraced within the Act.

The State reads more into § 256 than we think the Legislature intended or enacted. The term "circuit court" as used in § 256 is an obvious reference to the circuit courts of the several counties and does not include within its ambit as

---

4. Reversing *Freedman v. State*, 233 Md. 498, 197 A. 2d 232 (1964).

therein used the "Circuit Court of Baltimore City," from where this appeal originates.

Ordinarily, an aggrieved party seeking initial judicial review of a decision of an administrative agency does so in accordance with the provisions of Md. Ann. Code Art. 41, § 255(b). That section mandates, in pertinent part, that:

> "Proceedings for review shall be instituted in the circuit court of the county or in the Baltimore City Court, as the case may be. . . ."

The quoted section does not confer jurisdiction upon the Circuit Court of Baltimore City.

The Circuit Court of Baltimore City, an equity court, was created by Art. IV, § 27 of the Constitution of Maryland. Section 27 provides:

> "There shall be in the Eighth Judicial Circuit [Baltimore City], six Courts, to be styled the Supreme Bench of Baltimore City, the Superior Court of Baltimore City, the Court of Common Pleas, the Baltimore City Court, the Circuit Court of Baltimore City, and the Criminal Court of Baltimore." [5]

Article IV, § 29 of the Constitution sets forth in unambiguous terms the jurisdiction of the Circuit Court of Baltimore City as follows:

> "The Circuit Court of Baltimore City shall have exclusive jurisdiction in Equity within the limits of said city, and all such jurisdiction as the present Circuit Court of Baltimore City has; provided, the said Court shall not have jurisdiction in applications for the writ of *habeas corpus* in cases of persons charged with criminal offences."

Article IV, § 28 of the Constitution confers concurrent civil jurisdiction in all civil common law cases on the

---

**5.** The Circuit Court No. 2 of Baltimore City was established by Laws of 1888, Ch. 194.

Superior Court of Baltimore City, the Court of Common Pleas, and the Baltimore City Court.

The method of appeal under the Act is limited, therefore, in the words of § 256, to "the manner provided by law for appeals from *law courts* in other civil cases." [6] (Emphasis supplied). Moreover, *the Administrative Procedure Act, at this time, authorizes appeals only to the Court of Appeals, not this Court.*[7]

We conclude that the provisions of the Administrative Procedure Act does not confer jurisdiction on the Court of Appeals or this Court for cases arising out of Art. 66A.

In an obvious endeavor to correct the fault found by the Supreme Court in *Freedman, supra,* the Legislature, by the Laws of 1965, Ch. 598, repealed and re-enacted Art. 66A, § 19, so that the section read as follows:

> "(a) Any film duly submitted to the Board for examination and licensing shall be reviewed and approved within five (5) days, unless the Board shall disapprove such film under the provisions of Section 6 hereof, in which event the Board shall, within not later than three (3) days thereafter, apply to the *Circuit Court for Baltimore City* for a judicial determination as to whether such film is obscene, or tends to debase or corrupt morals, or incite to crime, within the meaning of Section 6 hereof. Notice of such application shall be forthwith sent by first class mail, postage prepaid, to the address of the person presenting such film for licensing. The *Circuit Court for Baltimore City* shall, within five (5) days after the filing of said application, conduct a hearing, and shall in connection therewith view such film; within two (2)

---

6. We have found but one case in which the Board has heretofore appealed, *Md. State Bd. of Censors v. Times Films Corp.*, 212 Md. 454, 129 A. 2d 833, decided March 7, 1957. That case involved an appeal from the Baltimore City Court — a law court. Apparently the issue of the right of the Board to appeal was not raised.

7. See, however, Laws of 1973, Ch. 56, which confers such jurisdiction upon this Court, effective Jan. 1, 1975.

days after such hearing said court shall enter its decree and order requiring that said film be approved and licensed or be disapproved if in violation of the provisions of said Section 6 hereof. If the decree and order disapproves said film as being in violation of the provisions of Section 6 hereof, then the person presenting such film for licensing may appeal such determination to the Court of Appeals of Maryland, in accordance with the Maryland Rules of Procedure, and said Court shall advance such case on its hearing calendar to the earliest practicable date; and, in reviewing the order appealed from, said Court shall view the subject film. The burden of proving that the film should not be approved and licensed shall rest on the Board." (Emphasis supplied).[8]

It is to be noted that for the first time the "Circuit Court of Baltimore City" appears in the statute and the "Baltimore City Court" is omitted. We must assume that the Legislature meant to eliminate the procedure for appeals from the Board, and in its place to confer upon the *Circuit Court for Baltimore City*, to the exclusion of all other courts of the State, the duty to make a judicial determination, whether or not requested by the person presenting the film, as to whether such film is obscene, or tends to debase or corrupt morals, or to incite to crime, whenever the Board has disapproved any film. It follows, therefore, that while the Legislature, by the enactment of Ch. 598, Laws of 1965, also codified as Art. 66A, § 19, did not explicitly exclude the Maryland State Motion Picture Censor Board from the ambit of the Administrative Procedure Act, it, by providing a special method of judicial review to the Circuit Court of Baltimore City, effectively did exclude the Board from the Act insofar as appeals from the Board's decisions are concerned.

In the instant case, the Board is endeavoring to avoid the

---

**8.** This section was amended by the Laws of 1970, Ch. 99, § 7, by substituting "Court of Special Appeals" for "Court of Appeals."

pellucid provisions of Md. Ann. Code Art. 66A, § 19(a) which deny to the Board the right of appellate review from the trial court's decision. Section 19(a) provides in part that when a motion picture film that has been submitted to the Board for examination, and licensing is disapproved by the Board, the Board shall, not later than three days thereafter, "apply to the Circuit Court of Baltimore City for a judicial determination."

The significant language of Art. 66A, § 19 (a) is, for the case at bar, the provision:

> "If the decree and order [of the Circuit Court of Baltimore City] disapproves said film as being in violation of the provisions of § 6 hereof,[9] then the person presenting such film for licensing may appeal such determination to the Court of Special Appeals of Maryland, in accordance with the Maryland Rules of Procedure. . . ."

It is apparent from a reading of the above quoted provision that before there be an appeal to this Court, two prerequisites must be satisfied: (1) the Circuit Court of Baltimore City must *disapprove* the film, and (2) *the person who presented the film* to the Board for licensing must appeal. In the present case the film was approved by the Circuit Court, and the "person presenting the film" did not appeal. Neither of the two criteria for appeal has been met.

As the Maryland law now stands, the Board has no right to appeal from a decision of the Circuit Court of Baltimore City, for that is the clear, definite and unambiguous

---

**9.** Section 6 provides in essence that a motion picture is obscene, "if, when considered as a whole, its calculated purpose or dominant effect is substantially to arouse sexual desires, and if the probability of this effect is so great as to outweigh whatever other merits the film may possess." A motion picture is deemed to debase or corrupt morals "if its dominant purpose or effect is erotic or pornographic; or if it portrays acts of sexual immorality, lust or lewdness, or if it expressly or impliedly presents such acts as desirable, acceptable or proper patterns of behavior." The section also authorizes the Board to prohibit films which "tend to incite crime if the theme or the manner of its presentation presents the commission of criminal acts or contempt for law as constituting profitable, desirable, acceptable, respectable or commonly accepted behavior," or it advocates the use of narcotics.

meaning of Md. Ann. Code Art. 66A, § 19(a). If the General Assembly did not mean what it said, it should say so. "If the General Assembly wishes to change the effect of the present language, it sits annually and may readily do this." [10]

Even if we were to assume that the Board has a right of appeal to this Court, our independent constitutional reflective judgment is that the film is not hardcore pornography within the meaning of *Dillingham v. State*, 9 Md. App. 669, 267 A. 2d 777 (1970); *Lancaster v. State*, 7 Md. App. 602, 256 A. 2d 716 (1969); *Donnenberg v. State*, 1 Md. App. 591, 232 A. 2d 264 (1967); *Levin v. State*, 1 Md. App. 139, 228 A. 2d 487 (1967), *cert. denied* 389 U. S. 1048 (1968). The Board presented no evidence that the motion picture "Sin In 69" was obscene. It did nothing to establish that the film was "utterly without redeeming social importance." *Jacobellis v. Ohio*, 378 U. S. 184, 84 S. Ct. 1676, 12 L.Ed.2d 793 (1964).

In so holding, we note that on oral argument appellee *pro se* advised us that when the subject film was shown, a number of persons demanded a return of their money. Suffice it to say, we readily can understand their actions.

> *Appeal dismissed.*
> *Costs to be paid by the Maryland State Board of Motion Picture Censors.*

---

**10.** *Maryland National Bank v. Comptroller*, 264 Md. 536, 545, 287 A. 2d 291 (1972) (Barnes, J., dissenting opinion).